PEOPLE, PLAINTIFF AND APPELLEE, *v.* GONZÁLEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of the Motor Vehicles Act.

No. 1221.—Decided December 11, 1917.

MOTOR VEHICLES—CRIMINAL INTENT—DUE CARE AND DILIGENCE.—The defendant was charged with a violation of section 8 of the act regulating the operation of motor vehicles, in that he drove an automobile with the rear red light extinguished. He contended that the evidence, considered in the light of sections 11 and 12 of the Penal Code, did not disclose any criminal intent and that in any event the testimony of the defendant and of the owner of the car

shows the total absence of *mens rea.* *Held:* That the ignorance of the accused of the true fact of the case is no defense, although a proper showing of due care and diligence might relieve him from criminal responsibility.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 8 of the Act of 1916, page 145, regulating the operation of motor vehicles requires, among other things, "that every automobile being operated within the time from one-half hour after sunset to one-half hour before sunrise shall display at least two white lights and every motor cycle one white light, visible at least two hundred and fifty feet in front of such vehicle, but the use of dazzling lights in well-lighted city streets or public highways, is prohibited. Each shall have also a red light visible in the reverse direction."

Section 18 provides "that violations of the provisions of this Act shall be considered as misdemeanors and shall be punishable by a fine of not less than five nor more than three hundred dollars, or by imprisonment for not less than five days nor more than three months."

Appellant was convicted, first in the municipal court and later after a trial *de novo* in the district court, of a violation of section 8 under a complaint charging "that on April the 3rd, '17, 7.30 p. m., on Avenue Hostos, Playa, Ponce, P. R., of the Municipal District of Ponce, P. R., the accused Gumersindo González, on April 3, '17, and on Hostos Avenue, maliciously and wilfully violated the provisions of the law to regulate the operation of motor vehicles in Porto Rico, driving the automobile number 2175, property of Temístocles Laguna, with the red light in the rear extinguished, at 7.30 p. m."

Error is assigned as follows:

"A. In that the judgment rendered by the court below is contrary to the evidence adduced by the prosecution to sustain its complaint.

"B. In that the court below committed an abuse of discretion and gave an erroneous weight to the testimony of the witnesses adduced by the prosecution at the trial.

"C. In that, conceding as true for the sake of argument that the defendant committed the acts charged in the complaint, the same constituted no punishable public crime."

The argument as to the first two alleged errors, like the language of the assignment, is limited to the evidence adduced by the prosecution. If defendant had elected to stand upon his motion for nonsuit, perhaps the contention would not be wholly without merit, but the testimony for the defense corroborates that of the two policemen both as to the *corpus delicti* and as to the identity of the car and of the accused, thus removing any doubt that otherwise might have existed in this regard.

The only contention under the third assignment worthy of serious consideration is that the evidence, considered in the light of sections 11 and 12 of the Penal Code, does not disclose a criminal intention and that in any event the testimony of defendant and of the owner of the car shows the total absence of the *mens rea*.

We need not, and do not at the present time, pass upon the proposition urged by the *fiscal,* to wit: That the legislature intended to make, and did make, the failure to display a red light a misdemeanor, regardless of the existence or non-existence of the criminal intent, as unquestionably it had the power to do. However this may be, the omission in question can hardly be regarded as requiring proof of specific intent. It follows that in so far as any question herein is concerned, "a man is presumed to intend what he does," although of course this presumption is not necessarily conclusive. 2 Bishop's New Criminal Procedure, section 1099, page 946, section 1101, page 947.

Moreover, "even where, as affecting intent, ignorance of fact is set up, the defense is unavailable where the defendant, by the exercise of due diligence, could have become aware

of his mistake  *  *  *. And, as a general rule, if the defendant is chargeable with negligence in not acquainting himself with the true facts of the case, his ignorance is no defense.'' I Wharton's Criminal Law, 11th Edition, §114, pp. 153, 154.

Conceding for the sake of argument that a proper showing of due care and diligence might relieve a defendant from criminal responsibility in a case of this kind, the testimony for the defense herein is entirely too meagre, vague and unsatisfactory to warrant reversal.

The judgment appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey absent.